**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY JAROME BROADES,

Petitioner-Appellant,

v.

GARY GIBSON, Warden,

Respondent-Appellee.

No. 06-7120

Eastern District of Oklahoma

(D.C. No. 99-CV-302-RAW)

**ORDER**[*]

Before **BRISCOE**, **McCONNELL**, and **McKAY**, Circuit Judges.

Rodney Jarome Broades, a state prisoner proceeding *pro se*, requests a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his Rule 60(b) motion for relief from a previous judgment. Fed. R. Civ. P. 60(b). With his motion, Mr. Broades seeks to overturn the district court's May 4, 2000 denial of his petition for a writ of habeas corpus. Because we conclude that Mr. Broades has failed to make "a substantial showing of the denial of a constitutional right," we DENY his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

In 1995, an Oklahoma state court convicted Mr. Broades of robbery with a firearm. Thanks partly to his two prior felony convictions, Mr. Broades was sentenced to fifty years imprisonment. Oklahoma state courts rejected his challenges to the sentence and conviction on direct appeal. Mr. Broades's collateral attacks in state court also failed. Thereafter, Mr. Broades filed a motion for a nunc pro tunc order and a petition for a writ of habeas corpus. The state district court denied the habeas petition and the Oklahoma appellate court affirmed, finding Mr. Broades's claims barred under the doctrine of *res judicata*.

At the conclusion of these state actions, Mr. Broades filed a petition for habeas corpus in federal court in which he challenged the Oklahoma court's sentencing calculation of his prior convictions and claimed that a conflict of interest led to ineffective assistance of counsel. The district court dismissed Mr. Broades's 28 U.S.C. § 2244(d) petition as time-barred, on the ground that it contained claims that were procedurally defaulted under Oklahoma state law. On November 3, 2000, this Court denied Mr. Broades's petition for COA.

Four days later, however, the U.S. Supreme Court held the requirement in § 2244(d) that habeas claims be "properly filed" refers to delivery of the necessary documents to an appropriate officer and does not pertain to whether an individual claim was procedurally barred. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Mr. Broades petitioned this Court for a rehearing based on *Artuz*, which we granted. We issued a revised order and judgment on December 4, 2000. In this revised

order, we declined to rely on § 2244(d); instead, we looked to the district court's finding that independent and adequate state law grounds barred federal consideration of Mr. Broades's claims. Noting that when a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review . . . is barred," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), we denied Mr. Broades's application for COA.

At the conclusion of this first habeas petition, Mr. Broades applied for leave to file a successive petition for habeas relief. We refused permission. In 2002, he filed a Rule 60(b) motion in federal district court seeking relief from the denial of his original habeas petition. The district court dismissed the motion. On appeal, we treated the motion as an unauthorized successive § 2254 petition over which the district court had no jurisdiction. We accordingly vacated the judgment and dismissed.

In 2006, claiming the benefit of the Supreme Court's recent ruling in *Gonzales v. Crosby*, 545 U.S. 524 (2005), Mr. Broades filed a second 60(b) motion. In it, Mr. Broades pointed out that, according to *Crosby*, not all 60(b) motions may be construed as applications for a second or successive habeas petition. *Id*. at 538. Broades argued this Court erred in construing his first 60(b) motion as an application for a successive habeas petition. He also contended his original habeas petition was not time-barred under *Artuz*, that this Court

mistakenly refused to consider the merits of his constitutional claims on our review of his original petition, and that under *Crosby*, these errors constitute valid grounds for Rule 60(b) relief. The district court denied his motion, prompting this petition for COA.

Before addressing the merits of Mr. Broades's petition, we must determine whether it counts as a "true" 60(b) motion or should instead be characterized as an application to file a successive habeas petition. Following the Supreme Court's decision in *Crosby*, we held that a "60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Mr. Broades's motion meets this definition: He challenges the district court's May 2000 determination that his habeas claims were procedurally barred on state law grounds. We treat his petition, therefore, as a true 60(b) motion.

Mr. Broades may appeal the district court's dismissal of his motion only if we first issue a COA. 28 U.S.C. § 2253(c)(1). To secure a COA, Mr. Broades must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))

(internal quotation marks omitted). Mr. Broades, however, has succeeded only in demonstrating that his claims are without merit.

To begin with, the Supreme Court in *Crosby* made clear that *Artuz*'s change in the interpretation of the AEDPA statute of limitations, 28 U.S.C. § 2244(d), *see Artuz*, 531 U.S. at 8, does not count as the sort of "extraordinary circumstance" necessary for a successful Rule 60(b) motion. *Crosby*, 545 U.S. at 536-37. Simply because the district court relied in part on a now-displaced interpretation of § 2244(d)'s tolling provisions does not entitle Mr. Broades to relief. But more damning to Mr. Broades's appeal, the federal district court did not rely exclusively on § 2244(d)(2) in dismissing his habeas petition: it cited independent and adequate state law grounds that precluded it from considering Broades's habeas claims. Mr. Broades does not challenge this finding. He does not so much as address it. But the law is clear: When a state prisoner defaults his federal claims in state court "'pursuant to an independent and adequate state procedural rule, federal habeas review . . . is barred unless the prisoner' can satisfy either the 'cause and prejudice' standard, or, alternatively, the 'fundamental miscarriage of justice standard.'" *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998) (quoting *Coleman*, 501 U.S. at 750). Mr. Broades has satisfied neither. His habeas claims were properly dismissed.

As to Mr. Broades's contention that no federal court has reviewed the substance of his ineffective assistance of counsel claim, we refer him to our

January 2001 denial of his "motion to recall mandate," where we explicitly held that "[t]o the extent Mr. Broades . . . now contend[s] we never addressed the merits of his other claims raised in his [original] petition"—namely, his ineffective assistance of counsel claim—"we note he failed to raise them on appeal, and thereby abandoned or waived them." R. vol. 1, Doc. 49, App. 2 at 2 n.1.

This is the fourth petition Mr. Broades has brought before us attacking the district court's denial of habeas corpus some seven years ago. We cannot say emphatically enough: Mr. Broades's claims are without merit. They do not meet the standard for relief spelled out in Rule 60(b), they do not deserve COA, and as we have said twice previously, R. vol. 1, Doc. 49, App. 2; *Broades v. Poppell*, No. 02-7156, slip op. at 1-2 (10th Cir. Dec. 30, 2002), they do not qualify him to file a successive habeas petition. Further litigation on these issues would constitute an egregious waste of taxpayer resources.

Accordingly, we **DENY** Mr. Broades's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge