**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

RODNEY JAROME BROADES,

Petitioner−Appellant,

v.

JAMES RUDEK, Warden,

Respondent−Appellee.

No. 12-7033
(D.C. No. 6:99-CV-00302-RAW-KEW)
(E.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

Rodney Jarome Broades, a pro se state prisoner, seeks a certificate of

appealability (COA) to appeal the district court's denial of his most recent

Fed. R. Civ. P. 60(b) motion attacking the denial of his federal habeas petition. We

DENY a COA and DISMISS this appeal.

### BACKGROUND

In 1995, Mr. Broades was convicted in Oklahoma state court of robbery by

firearm, after prior conviction of two or more felonies, and he was sentenced to fifty

years' imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals

---

[*]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(OCCA) held that one of Mr. Broades' three prior convictions was erroneously admitted. Nevertheless, the OCCA indicated that the error did not affect either (1) Mr. Broades' conviction, because he had admitted the prior conviction on cross-examination; or (2) his sentence, because there were two other valid prior convictions. Mr. Broades unsuccessfully sought state collateral review.

Afterward, he continued to seek state-court relief via a "Motion for [Order] Nunc Pro Tunc" and a second post-conviction petition, challenging the use of his prior convictions to enhance his sentence. The Oklahoma state courts denied relief, citing the doctrine of res judicata, but entered a nunc pro tunc order in 1998 stating that "[t]he Judgment and Sentence . . . reflect[s] that defendant has 2 prior convictions," but "if unclear, [the Judgment and Sentence] should and hereby does reflect that defendant has 2 or more felony convictions as reflected by [the] Jury Verdict." R. at 429.

Beginning in 1999, Mr. Broades turned to the federal courts, initiating repeated attempts to obtain relief from his sentence through 28 U.S.C. § 2254 and Rule 60(b). This court determined that federal habeas review of Mr. Broades' sentencing-enhancement claims was barred because the OCCA resolved them on the adequate and independent state ground of res judicata, and Mr. Broades failed to demonstrate either cause for his default and actual prejudice, or a fundamental miscarriage of justice. *Broades v. Gibson*, No. 00-7062, 2000 WL 1773237, at *2 (10th Cir. Dec. 4, 2000).

Undeterred, Mr. Broades continued to press his claims. In 2007, we summarized the protracted litigation pursued by Mr. Broades:

> This is the fourth petition Mr. Broades has brought before us attacking the district court's denial of habeas corpus some seven years ago. We cannot say emphatically enough: Mr. Broades's claims are without merit. They do not meet the standard for relief spelled out in Rule 60(b), they do not deserve COA, and as we have said twice previously, they do not qualify him to file a successive habeas petition. Further litigation on these issues would constitute an egregious waste of taxpayer resources.

*Broades v. Gibson*, 235 F. App'x 704, 707 (10th Cir. 2007) (citations omitted).

Nevertheless, in March 2010, Mr. Broades filed the instant Rule 60(b) motion in federal district court based on the state trial court's issuance in 2007 of a "Nunc Pro Tunc Judgment and Sentence" stating that he "has 2 prior felony conviction(s)," R. at 771. In the motion, he argues that this nunc pro tunc entry means he now has only one prior conviction because the OCCA threw out one on direct appeal. Thus, he claims, the nunc pro tunc entry invalidates the procedural-bar basis for denying his federal habeas petition.

The federal district court construed the instant Rule 60(b) motion - Mr. Broades' third such motion - as an unauthorized successive habeas petition and denied relief. Mr. Broades now seeks a COA to appeal.

## DISCUSSION

In order to obtain a COA, Mr. Broades must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Before addressing this standard, however, we must first determine whether Mr. Broades' Rule 60(b) motion is instead an attempt to pursue successive habeas relief.

A Rule 60(b)-labeled argument should be treated as a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). But an argument should not be treated as a successive § 2254 claim if it "challenges only a procedural ruling of the habeas court" or "a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1216.

We conclude that Mr. Broades is attempting a true 60(b) argument, as he is challenging the resolution of his habeas claim as procedurally barred on the state-law ground of res judicata. In reaching this conclusion, we note that Mr. Broades has pursued his nunc-pro-tunc argument in one form or another without success for years. Indeed, after the state court's first nunc pro tunc order in 1998, he tried to claim that the removal on direct appeal of one prior conviction meant that only one remained. The OCCA rejected the argument during state post-conviction proceedings, stating, "Petitioner has raised this issue in a variety of ways on direct appeal, in post-conviction proceedings, and in proceedings to obtain extraordinary relief. The

issue is res judicata." R. at 433 (italics omitted). In regard to Mr. Broades' most recent recycling of the issue, the OCCA again applied res judicata, and reiterated that his conviction "was actually enhanced by 2 prior felony convictions." R. at 730.

We further conclude that no reasonable jurist could debate whether Mr. Broades' sentencing-enhancement claim is procedurally barred by the OCCA's application of res judicata. Neither of the nunc pro tunc orders changed the fact that Mr. Broades' sentence was enhanced with two prior felonies. The effect of the OCCA's decision on direct appeal was simply to remove one of *three* prior convictions; the nunc pro tunc orders merely confirmed the result of that decision.

Consequently, Mr. Broades cannot show any infirmity in the OCCA's application of res judicata to his sentencing-enhancement claims. Thus, the procedural bar to habeas relief remains.

While the district court should not have construed Mr. Broades' Rule 60(b) motion as an unauthorized successive habeas petition, it correctly determined that his arguments were meritless. Mr. Broades is not entitled to a COA. Moreover, continued litigation of his patently meritless sentencing-enhancement claims will result in sanctions from this court, including possible filing restrictions.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

- 5 -